The Honorable Bobby Hogue State Representative P.O. Box 97 Jonesboro, Arkansas 72403-0097
Dear Representative Hogue:
This opinion is being issued in response to your recent questions regarding the rules promulgated by the State Plant Board. You have presented the following questions:
 (1) Is there a legal obligation for the Arkansas State Plant Board, either under the Arkansas Administrative Procedure Act, or some other law, to amend, revise, or update the Board's bylaws or its rules of practice or procedure at some regular time frame or interval?
 (2) Is there some legal requirement for the State Plant Board to amend, revise, or update its bylaws or its rules of practice or procedure before the Board if they have not been changed since the 1920's?
 (3) If there is some kind of legal requirement to revise and update the agency's rules, would a failure to do so have any legal effect on other rules promulgated by the Plant Board, such as those rules regulating the distribution and use of pesticides in Arkansas?
RESPONSE
Question 1 — Is there a legal obligation for the Arkansas State PlantBoard, either under the Arkansas Administrative Procedure Act, or someother law, to amend, revise, or update the Board's bylaws or its rules ofpractice or procedure at some regular time frame or interval?
It is my opinion that the Arkansas State Plant Board is not generally required by any law to amend, revise, or update its bylaws or its rules of practice and procedure within any regular time frame or at regular intervals. However, as explained below, certain factual scenarios could give rise to a requirement that the Board update its rules.
The State Plant Board is authorized under various statutory provisions to promulgate rules and regulations that are to govern matters related to the Board's responsibilities. See, e.g., A.C.A. §§ 2-16-107; 2-16-207;2-16-308; 2-16-406; 2-16-605; 2-16-610; and A.C.A. § 25-15-203, -204 (Administrative Procedure Act). None of these statutory provisions requires the Board generally to amend, revise, or update its rules. However, there may be certain instances in which an amendment, revision, or update of the Board's rules could be required because of particular events or occurrences.
For example, the Board is required by A.C.A. § 2-16-207 to "keep itself informed as to the varieties of insect pests, diseases, and noxious weeds and the origin, locality, nature, and appearance thereof; the manner in which they are disseminated; and the approved methods of treatment and eradication." In addition, the Board is required to list such items in its rules and regulations. See A.C.A. § 2-16-207(b). Therefore, if, in keeping itself informed of such matters, the Board identifies an item that has not been listed previously but that should be listed, the Board will be obliged to update its rules so as to list that item.
Similarly, under A.C.A. § 2-16-406, the Board must establish rules and regulations addressing certain issues involving specific registered pesticides. It follows that if new pesticides are registered that would require the Board's action under § 406, the Board will be required to update its rules.
The Board may also be required to revise its rules in the event of a successful challenge to the rules. The provisions of A.C.A. § 2-16-214
allow any person affected by the Board's rules or regulations to challenge the rules and regulations for the purpose of having the rule or regulation "modified, suspended, or withdrawn." If such a challenge is successful, the Board will be required to modify, suspend or withdraw the challenged rule, and to update its rules accordingly.
The requirement that the Board change its rules in the manner described above is entirely dependent upon whether events occur which would trigger the need to change the rules. There are no general requirements that the Board's rules be regularly amended, revised, or updated.
Question 2 — Is there some legal requirement for the State Plant Board toamend, revise, or update its bylaws or its rules of practice or procedurebefore the Board if they have not been changed since the 1920's?
No. See response to Question 1.
Question 3 — If there is some kind of legal requirement to revise andupdate the agency's rules, would a failure to do so have any legal effecton other rules promulgated by the Plant Board, such as those rulesregulating the distribution and use of pesticides in Arkansas?
As explained in response to Question 1, there is no general requirement that the Board regularly amend, revise, or update its rules.[1]
Therefore, if the Board has not changed a particular rule since its original adoption, and no change to that rule has been triggered by any event or occurrence, as described in response to Question 1, a failure to change it will have no legal effect or impact upon the effectiveness of other rules. If, however, the Board should fail to amend, revise, or update a rule that should have been changed as a result of a triggering event or occurrence as described in response to Question 1, the legal effect of that failure and its impact upon the effectiveness of other rules will depend upon the particular rule that has not been changed. You have not identified any particular rule about which you are inquiring. I am therefor unable to opine in any further detail as to the legal effect of a failure to amend, revise, or update.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It is my understanding that the Board has, in fact, revised, amended, and updated its various rules and regulations many times since their original adoption.